## BENKARD v. CLEMENTS AND HALL.

March 28, 1839.

*Rule to show cause of action, and why garnishee should not be discharged on common bail.*

In foreign attachment with a clause of *capias* against the garnishee, under the 47th section of the act of 13th June, 1836, an affidavit that the garnishee " has in his possession money or effects of the defendant," without stating the amount or value, is insufficient, and the garnishee will be discharged on common bail.

THIS was a *foreign attachment* with a capias clause, exacting bail in 1200 dollars, against William Graham, garnishee, founded on the following affidavit:

[Benkard v. Clements and Hall.]

" William Fryer, being duly sworn according to law, says, that he verily believes, William Graham, the above named garnishee, has in his possession or care, money and effects of the defendants, and that the said William Graham is not an inhabitant of the county of Philadelphia."

The garnishee obtained a rule to show cause of action, and why he should not be discharged from arrest, under the capias issued as above.

*Tyson*, for the plaintiff, showed cause, relying on the affidavit as sufficient to justify the capias according to sect. 47 of the act relating to the commencement of actions, (*Stroud's Purd. tit. Actions.*)

*F. W. Hubbell*, for the garnishee said,

1. That there was no amount of money stated to be in the hands of garnishee, nor any value affixed to the *effects* sworn to be in his possession, &c.; an averment of these, he argued, was essential, under the terms of the act of assembly, and without which the court would have no guide in ascertaining what amount of bail should be exacted.

2. He objected that the allegations on these subjects, should have been *positive*, and not merely as deponent *verily believed*. These last words, he contended, should be restricted to the statement of the garnishee's want of residence in the county.

THE COURT decided that the first objection was fatal, but PETTIT, *President*, and JONES, J., gave no opinion as to the latter objection. STROUD, J., thought the grammatical construction of the act, required no part of what the plaintiff's affidavit was to contain to be sworn to positively, though he stated that in reference to an analogous section of the same act, (section 4,) the Supreme Court in Nevins *v.* Merrie, 2 *Wharton R.* 499, had decided otherwise.

Rule absolute.